## WILL-O-WAY DEVELOPMENT CO v MILLS

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided September 30, 1929

Messrs. Thorman & Goldman, Cleveland, for Development Co.

Frank Morton, Esq., Cleveland, for Mills.

**VICKERY, PJ.**

We again hold that the demurrer to the petition was rightfully sustained in the court below, because the plaintiff company in the action, instead of rescinding the contract or suing for damages, in which event it would not have had to make any tender inasmuch as the refusal to go forward had been made by the other side, is standing upon its contract and is suing to recover the balance of the purchase price and, therefore, it is only entitled to the purchase price upon the giving or tendering of the deed conveying by said deed the property purchased.

Now the defendant having repudiated her contract, the plaintiff had the right to elect either to declare a forfeiture and proceed in that way, or to stand upon the contract and sue for the balance of the purchase price, and the latter was the remedy sought. Now if it wants the purchase price, it must tender or offer the thing that it was to give for this purchase price. It won't do to say that the equitable title would vest in the defendant, and she could maintain an action to enforce the plaintiff to transfer it. That would be requiring the defendant to do an unusual thing.

The whole thing can be illustrated thus: These payments were to be made in installments and there was an accelerating clause in the contract. Now they all had become due, and suppose the plaintiff, the owner of the property, had gone to the defendant and said: "Now, here all this money is due, $822. We want the money." Then she had the perfect right to say: "All right, I have the money right here. Give me the deed for the property and I will give you the money." Surely there is nothing unreasonable about that, and if the plaintiff said: "Oh, no, you will have an equitable interest in the property; we want your money", thus compelling her to bring another action in order to get the property; such is not the law. For all that anyone may know, the plaintiff company no longer has this property. It may have sold it and if a judgment is rendered it could look to other property of the defendant upon which it might levy execution, and then the defendant would be compelled to pay for the land when she did not get it and could not get it, because it had been sold.

We think the law is well settled that where a person wishes to insist upon the performance of the contract, he must perform or tender performance of that which was to be done on his side of the contract. In this case the plaintiff must tender a deed with a certificate of title, if the contract provides for that, to show that this land was still in the possession of the plaintiff company and it had the right to transfer it. Under a land contract the contractee has no record title, and this land may have been transferred. But a tendering of the deed and a compliance on the part of the vendor of his part of the contract would show to the

vendee, the defendant, that all she had to do was to pay the money and get the deed for the property; and if a judgment were rendered under those circumstances, the defendant could pay the judgment and get the deed which should have been properly executed and filed with the files in the case; and the whole title would then be straightened up. This could be no hardship upon the plaintiff and could be easily performed if it still owned the property, and if it did not own the property, it was not entitled to a judgment for the purchase money.

It is urged that the plaintiff did not have to do a vain thing by making a tender when the party on the other side had notified it of her refusal to go forward with the contract. That would be so, so far as the right to recover damages was concerned, but, as already pointed out, this is not that sort of an action. It is to get the purchase price and, therefore, a tender is necessary and it is not a vain or useless thing. We think the defendant is entitled to have a tender made of the deed before she is called upon to pay the money, and we think that the petition not stating this, does not state a cause of action.

Therefore, the same ruling must be made now that was made when the case was here before; that is, the judgment of the court below will be affirmed.

Sullivan and Levine, JJ, concur.